232

In the Matter of JOHN J. MAHON, an Attorney, Respondent.
In the Matter of RUSSELL G. DUNMORE, JR., an Attorney, Respondent.
In the Matter of STANLEY E. SHABLAK, an Attorney, Respondent.
In the Matter of WILLIAM J. POWERS, JR., an Attorney, Respondent.

Fourth Department, January 10, 1962.

*John R. Davison* for petitioners.

*Francis D. McCurn* for John J. Mahon, respondent.

*Gilbert R. Hughes* for Russell G. Dunmore, Jr., respondent.

*Stanley E. Shablak,* respondent in person.

*William J. Powers, Jr.,* respondent in person.

*Per Curiam.* The respondent, John J. Mahon, was convicted on the 9th day of April, 1956, on his plea of guilty in the United States District Court for the Northern District of New York to an information charging him with violation of subdivision (a) of section 145 of title 26 of the United States Code (now and since 1954, U. S. Code, tit. 26, § 7203) of willfully failing to file an income tax return for the year 1950. Respondent was sentenced to a term of six months, execution of which was suspended. He was placed on probation for one year and fined $1,000.

Respondents, Russell G. Dunmore, Jr., and Stanley Shablak on March 11, 1957, each pleaded guilty to separate informations charging similar violations of willfully failing to file an income tax return for the year 1953. Each was fined $1,000.

Respondent, William J. Powers, Jr., on June 17, 1957, pleaded guilty to certain counts of an indictment which charged him with violations of subdivision (b) of section 145 of title 26 of the United States Code, and section 7201 of the same title (as amd. in 1954), of willfully evading income taxes due for the years 1950, 1951, 1952, 1953 and 1954. The two counts to which he pleaded guilty charged willful evasion for the years 1953 and 1954. He was sentenced to pay, and paid, total fines of $12,000, and was placed on probation for six months. Imposition of jail sentence was suspended.

Canon 29 of the Canons of Professional Ethics provides that an attorney " should strive at all times to uphold the honor and to maintain the dignity of the profession and to improve not only the law but the administration of justice." Similarly, canon 32 requires, among other things, that an attorney " must also observe * * * the statute law." It has been written that proceedings such as these are " not brought for the sole purpose of discipline or punishment." They serve " to warn other members of the bar of the fate which awaits those who are recreant to their trust." (*Matter of Ropiecki,* 246 App. Div. 80, 86.)

We consider first the proceedings brought against the respondents Mahon, Dunmore and Shablak. We find upon the facts here presented, that each has violated the Canons of Professional Ethics above quoted and is guilty of professional misconduct.

The implementation of these general principles is complicated by a consideration, not only of the very real personal problems experienced in years past by each of the respondents, but of the obvious lapse of time since the entry of guilty pleas by them.

This court is charged with the responsibility of supervising the professional conduct of hundreds of lawyers in some 22 counties. We look, of necessity, primarily to the organized bar associations in these counties to police the Bar within their respective counties. If there is failure at this level we expect from the State Bar Association a similar vigilance. That association has a vice-president and three members of its executive committee in each judicial district. Lastly, if all else fails, this court may act on its own motion. In sum, the duty is one shared by the organized Bar and this court.

We recognize that there has been undue delay in instituting these three proceedings. We do not undertake to apportion the blame or to fix the responsibility therefor. We simply note that thereby a pattern as to procedure or as to the measure of discipline is not fixed for the future.

Turning to the facts herein, it is scarcely necessary to comment that an attorney, as a respected member of his community, should assiduously comply with statutory mandates and particularly those, so fundamental to our form of Government, relating to the filing of income tax returns and the payment of the determined tax.

Upon consideration of all the facts, including the unusual extenuating circumstances presented upon the hearings herein by each respondent, and in the light of what has been heretofore written, we conclude that the respondents Mahon, Dunmore and Shablak each should be censured.

The proceeding against the respondent Powers is readily distinguishable from those of the three attorneys heretofore considered. His plea of guilt was to willfully evading the payment of income taxes for two years, whereas the plea of the other respondents was to failure to file returns. The willful evasion of the payment of taxes under Federal law both before and since 1954 is a felony whereas the failure to file a return is a misdemeanor. Both crimes under State law are misdemeanors (N. Y. Tax Law, § 376).

In fixing the penalty we have examined all the proof submitted by respondent Powers and the extenuating circumstances, including, as in the companion proceedings, the delay in commencing proceedings.

We find that respondent Powers has violated the Canons of Professional Ethics, heretofore quoted, and is guilty of professional misconduct. He should be suspended from the practice of law for one year and thereafter until the further order of the court.

Upon proceeding against respondent Mahon: respondent should be censured.

Upon proceeding against respondent Dunmore: respondent should be censured.

Upon proceeding against respondent Shablak: respondent should be censured.

Upon proceeding against respondent Powers: respondent should be suspended for one year and until the further order of the court.

In *Matter of Mahon*: WILLIAMS, P. J., BASTOW, GOLDMAN, HALPERN and McCLUSKY, JJ., concur. In *Matter of Dunmore, Shablak* and *Powers*: WILLIAMS, P. J., GOLDMAN, HALPERN, McCLUSKY and HENRY, JJ., concur.

Orders entered censuring respondents Mahon, Dunmore and Shablak; order entered suspending respondent Powers for one year and until the further order of the court.