[21 NYS3d 678]

In the Matter of MICHAEL CANCILLA, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, December 23, 2015

APPEARANCES OF COUNSEL

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Emil M. Rossi*, Syracuse, for respondent.

OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 19, 1996. On May 15, 2015, he was convicted, upon his plea of guilty in Albany City Court, of criminal tax fraud in the fifth degree, in violation of Tax Law § 1802, and offering a false instrument for filing in the second degree, in violation of Penal Law § 175.30, both class A misdemeanors. Respondent admitted in the corresponding plea agreement that, in December 2009, he untimely filed his state personal income tax returns for 2007 and 2008 and, with respect to the 2008 return, he filed it knowing that it contained false statements or information. Pursuant to the plea agreement, respondent agreed to pay taxes, penalties and interest in the total amount of $76,044. On July 24, 2015, respondent was sentenced in City Court to probation for a period of three years and restitution, which he had paid following his entry of the guilty plea and prior to sentencing. This Court thereafter determined that respondent had been convicted of a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and, by order entered October 6, 2015, the Court suspended him on an interim basis, pursuant to Judiciary Law § 90 (4) (f) (132 AD3d 1427 [2015]), and directed him to show cause why a final order of discipline should not be entered. Respondent thereafter appeared before this Court and was heard in mitigation.

In determining an appropriate sanction, we have considered respondent's expression of remorse to this Court, his otherwise unblemished record, and the fact that he has made restitution in full. We note, however, that respondent has committed a fraud on the government in direct contravention of the obligation of all attorneys to comply with the laws, particularly those so fundamental to our form of government as the filing of income tax returns and the payment of the determined tax (*see Matter of Mahon*, 15 AD2d 232, 234 [1962]). Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law

for a period of one year, effective October 6, 2015, and until further order of this Court.

CENTRA, J.P., PERADOTTO, LINDLEY and WHALEN, JJ., concur.

Final order of suspension entered.